# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY SEPEDA, | Case No. 1:22-cv-00522-SAB-HC |
| Petitioner, | ORDER GRANTING LEAVE TO AMEND PETITION |
| v. | |
| FRESNO COUNTY, CALIFORNIA, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules") requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

### A.  Proper Respondent

In this case, Petitioner names "Fresno County, California" as Respondent. (ECF No. 1 at 1).[1] However, a petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1  state officer having custody of him as the respondent to the petition. Habeas Rule 2(a); Ortiz-

2  Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21

3  F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated petitioner

4  is the warden of the prison in which the petitioner is incarcerated. Smith v. Idaho, 392 F.3d 350,

5  355 (9th Cir. 2004); Stanley, 21 F.3d at 360. However, the chief officer in charge of state penal

6  institutions is also appropriate. Ortiz-Sandoval, 81 F.3d at 894; Stanley, 21 F.3d at 360.

7      Petitioner's failure to name a proper respondent requires dismissal of his habeas petition

8  for lack of personal jurisdiction. Stanley, 21 F.3d at 360. However, the Court will give Petitioner

9  the opportunity to cure this defect by amending the petition to name a proper respondent, such as

10  the warden of his facility or the chief officer in charge of state penal institutions. See Dubrin v.

11  California, 720 F.3d 1095, 1100 (9th Cir. 2013) (petitioner should be granted leave to amend

12  petition to name proper respondent).

13      **B. Failure to State a Cognizable Federal Habeas Claim**

14      Habeas Rule 2 provides in pertinent part that a petition must "specify all the grounds for

15  relief available to the petitioner" and "state the facts supporting each ground." Habeas Rule

16  2(c)(1)–(2). "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with

17  particularity is to assist the district court in determining whether the State should be ordered to

18  'show cause why the writ should not be granted.'" Mayle v. Felix, 545 U.S. 644, 656 (2005)

19  (quoting 28 U.S.C. § 2243). Here, the petition merely states "Senate Bill No. 1393" as a ground

20  for relief and does not contain supporting factual allegations of any kind. (ECF No. 1 at 3).

21      California Senate Bill 1393 "allow[s] a trial court to dismiss a serious felony

22  enhancement in furtherance of justice." People v. Stamps, 9 Cal. 5th 685, 693 (2020). By statute,

23  federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in

24  custody pursuant to the judgment of a State court only on the ground that he is in custody in

25  violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

26  "[T]he second use of 'in custody' in the statute requires literally that the person applying for the

27  writ is contending that he is 'in custody' in violation of *the Constitution or other federal laws*."

28  Bailey v. Hill, 599 F.3d 976, 979 (9th Cir. 2010) (emphasis added). See Dickerson v. United

States, 530 U.S. 428, 439 n.3 (2000). Here, however, the petition does not allege a constitutional violation. Whether a serious felony enhancement should be dismissed pursuant to Senate Bill 1393 is an issue of state law, and errors of state law do not warrant federal habeas corpus relief. See Wilson v. Corcoran, 562 U.S. 1, 5 (2010) (per curiam) ("[I]t is only noncompliance with federal law that renders a State's criminal judgment susceptible to collateral attack in the federal courts."); Estelle v. McGuire, 502 U.S. 62, 67–68 (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.' Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." (citations omitted)).

As the petition fails to state a cognizable claim for federal habeas relief, it should be dismissed, but a petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971). Given the absolute lack of factual allegations in the petition, it is unclear whether no tenable claim for relief can be pleaded if leave to amend were granted. Therefore, the Court will grant Petitioner an opportunity to file an amended petition.

**C. Exhaustion**

It also appears that Petitioner may have failed to exhaust the claim that he raises in the instant petition. A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

If Petitioner has not sought relief in the California Supreme Court, the Court cannot proceed to the merits of his claim. 28 U.S.C. § 2254(b)(1). Although the petition states that Petitioner did not seek review in the California Supreme Court and has not filed any petitions,

applications, or motions with respect to this conviction in any court other than direct appeal (ECF No. 1 at 5–6), it is possible that Petitioner presented his claim to the California Supreme Court and failed to indicate this to the Court. Thus, Petitioner must inform the Court whether his claim has been presented to the California Supreme Court, and if possible, provide the Court with a copy of the petition filed in the California Supreme Court that includes the claims now presented and a file stamp showing that the petition was indeed filed in the California Supreme Court.

## II.

## ORDER

Accordingly, Petitioner is GRANTED leave to file an amended petition within **THIRTY (30) days** from the date of service of this order.

Petitioner is forewarned that failure to follow this order will result in a recommendation for dismissal of the petition for the reasons set forth above and pursuant to Federal Rule of Civil Procedure 41(b) (a petitioner's failure to prosecute or to comply with a court order may result in a dismissal of the action).

IT IS SO ORDERED.

Dated:   **May 13, 2022**

UNITED STATES MAGISTRATE JUDGE