# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY SEPEDA,<br><br>   Petitioner,<br><br>   v.<br><br>FRESNO COUNTY, CALIFORNIA,<br><br>   Respondent. | Case No. 1:22-cv-00522-SAB-HC<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**BACKGROUND**

On May 3, 2022, Petitioner filed the instant petition for writ of habeas corpus challenging his 2008 Fresno County Superior Court convictions and sentence. (ECF No. 1). On May 13, 2022, the Court granted Petitioner leave to file an amended petition given that the petition did not name a proper respondent, failed to specify all grounds for relief and state the facts supporting each ground, failed to state a cognizable federal habeas claim, and indicated that the claims raised were not exhausted. The order was served on Petitioner and contained notice that an amended petition should be filed within thirty days of the date of service of the order. (ECF No. 4). Petitioner has not filed an amended petition, and the time for doing so has passed.

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules") requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

### A. Failure to State a Cognizable Federal Habeas Claim

Habeas Rule 2 provides in pertinent part that a petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." Habeas Rule 2(c)(1)–(2). "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" Mayle v. Felix, 545 U.S. 644, 656 (2005) (quoting 28 U.S.C. § 2243). Here, the petition merely states "Senate Bill No. 1393" as a ground for relief and does not contain supporting factual allegations of any kind. (ECF No. 1 at 3).

California Senate Bill 1393 "allow[s] a trial court to dismiss a serious felony enhancement in furtherance of justice." People v. Stamps, 9 Cal. 5th 685, 693 (2020). By statute, federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[T]he second use of 'in custody' in the statute requires literally that the person applying for the writ is contending that he is 'in custody' in violation of *the Constitution or other federal laws*." Bailey v. Hill, 599 F.3d 976, 979 (9th Cir. 2010) (emphasis added). See Dickerson v. United States, 530 U.S. 428, 439 n.3 (2000). Here, however, the petition does not allege a constitutional violation. Whether a serious felony enhancement should be dismissed pursuant to Senate Bill 1393 is an issue of state law, and errors of state law do not warrant federal habeas corpus relief. See Wilson v. Corcoran, 562 U.S. 1, 5 (2010) (per curiam) ("[I]t is only noncompliance with federal law that renders a State's criminal judgment susceptible to collateral attack in the federal

courts."); Estelle v. McGuire, 502 U.S. 62, 67–68 (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.' Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." (citations omitted)). As the petition fails to state a cognizable claim for federal habeas relief, it should be dismissed.

### B. Exhaustion

It also appears that Petitioner failed to exhaust the claim that he raises in the instant petition. A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

The petition states that Petitioner did not seek review in the California Supreme Court and has not filed any petitions, applications, or motions with respect to this conviction in any court other than direct appeal. (ECF No. 1 at 5–6). As it appears Petitioner has not sought relief in the California Supreme Court, the Court cannot proceed to the merits of his claims. 28 U.S.C. § 2254(b)(1). Accordingly, the Court finds that Petitioner's claim is unexhausted and should be dismissed.

### III.

### RECOMMENDATION & ORDER

Based on the foregoing, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED without prejudice.

Further, the Clerk of Court is DIRECTED to randomly assign this action to a District Judge.

///

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Petitioner is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **July 12, 2022**

UNITED STATES MAGISTRATE JUDGE